| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7 | **THE MANNING LAW OFFICE**<br>**A PROFESSIONAL CORPORATION**<br>Joseph R. Manning, Jr., Esq. (State Bar No. 223381)<br>Michael J. Manning, Esq. (State Bar No. 286879)<br>Caitlin J. Scott, Esq. (State Bar No. 310619)<br>4667 MacArthur Boulevard, Suite 150<br>Newport Beach, CA 92660<br>info@manninglawoffice.com<br>mike@manninglawoffice.com<br>joe@manninglawoffice.com<br>PH: (949) 200-8755<br>FX: (866) 843-8308<br>*Attorneys for Plaintiff* |

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LEANNE THOMAS,<br><br>     PLAINTIFF,<br><br>vs.<br><br>ALLIANCE ONE RECEIVABLES MANAGEMENT, INC. d.b.a ALLIANCEONE, INC.; DOES 1-10 inclusive,<br><br>     DEFENDANTS. | **Case No.:** '17CV0622 W   NLS<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATION OF:**<br><br>1. **THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ.; AND**<br><br>2. **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CALIFORNIA CIVIL CODE § 1788, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, LEANNE THOMAS ("Plaintiff") through her counsel of record, THE MANNING LAW OFFICE, APC, claim against the Defendant

**COMPLAINT FOR DAMAGES**

ALLIANCE ONE RECEIVABLES MANAGEMENT, INC. d.b.a. ALLIANCEONCE, INC. ("Defendant" unless otherwise indicated) as follows:

## JURISDICTION

1. This case concerns Defendant's flagrant violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* ("Rosenthal Act").

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692(k). In addition, jurisdiction also arises pursuant to 28 U.S.C. § 1367 for supplemental state claims.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff is an adult individual residing in San Diego, California and is a "person" as defined by 47 U.S.C. § 153(39) and Cal. Civ Code § 1788.2(g).

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3), and is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

6. Defendant is a Pennsylvania business entity with an address of 4850 E.

**COMPLAINT FOR DAMAGES**

Street Road, Suite 300, Trevose, Pennsylvania 19053, and is a "person" as the term is defined by 47 U.S.C. § 153(39) and Cal. Civ. Code § 1788.2(g).

7. Defendant uses instrumentalities of interstate commerce or the mails in a business the principle purpose of which is the collection of debts and/or regularly collects or attempts to collect debts owed or asserted to be owed to another, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

8. Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in the collection of consumer debts, and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

## FACTUAL ALLEGATIONS

9. Within one year preceding the filing of this complaint, Defendant contacted Plaintiff regarding the alleged debt.

10. Plaintiff's alleged obligation arises from a transaction in which property, services, or money was acquired on credit primarily for personal, family or household purposes, is a "debt" as defined by 15 U.S.C. § 1692a(5), and is a "consumer debt" as defined by Cal. Civ. Code § 1788.2(f).

11. At all times mentioned herein where Defendant communicated with any person via telephone and/or via written communication, such

communication was done via Defendant's agent, representative or employee.

12. On or around July of 2015 Defendant contacted Plaintiff in an attempt to collect an alleged debt owed to James Scalone, D.O., Inc. ("Scalone").

13. Plaintiff informed Defendant in writing that she did not owe the alleged debt.

14. Plaintiff contacted Scallone and was informed by Scalone that there was no record of Plaintiff having incurred any charges with Scalone and that the debt was mistakenly turned over to Defendant for collection.

15. Scalone then informed Plaintiff that they would contact Defendant and inform them of the mistake.

16. Plaintiff also informed Defendant of the mistake made by Scalone yet Defendant refused to acknowledge that a mistake was made and continued to demand payment from Plaintiff.

17. As recently as October 21, 2016 Defendant has sent Plaintiff letters demanding payment of the alleged debt.

18. Defendant's letters and subsequent actions lead Plaintiff to feel confused as to the legal status of the alleged debt, Defendant's rights thereto, and Plaintiff's obligations.

**COMPLAINT FOR DAMAGES**

4

19. Defendant's reporting of the false debt has also impacted Plaintiff's credit score which resulted in the cancellation of Plaintiff's credit card at a time when funds were desperately needed by Plaintiff.

20. Defendant's actions have caused Plaintiff to suffer a significant amount of stress, embarrassment and frustration.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692, et seq. (FDCPA)

21. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

22. Defendant attempted to collect a debt from Plaintiff and engaged in "communications" as defined by 15 U.S.C. § 1692a(2).

23. Defendant used false, deceptive, or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e(2)(A).

24. Defendant communicated or threatened to communicate credit information which was known or should have been known to be false, in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e(8).

**COMPLAINT FOR DAMAGES**

5

25. Defendant used false representations or deceptive means, in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e(10).

26. By virtue of the foregoing, Plaintiff is entitled to statutory damages and reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692 from Defendant.

27. Plaintiff was harmed and is entitled to damages as a result of Defendant's violations.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
## CAL.CIV.CODE §§ 1788-1788.32 (RFDCPA)

28. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

29. Cal. Civ. Code § 1788.17 mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. 1692 *et seq*.

   i. Falsely representing the character or legal status in connection with collection of a debt (15 U.S.C. § 1692e(2)(A));

      ii. Communicating or threatening to communicate credit information which is known or should be known to be false in connection with the collection of a debt (15 U.S.C. § 1692e(8));

      iii. Engaging in the use of unconscionable means to collect or attempt to collect on a debt (15 U.S.C. § 1692f).

30. Plaintiff alleges that to the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

31. Plaintiff was harmed and is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

A) An award Statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

B) An award of statutory damages of $1,000 pursuant to Cal. Civ. Code § 1788.30(b);

C) Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

D) Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

**COMPLAINT FOR DAMAGES**

E) An award of reasonable attorneys fees and costs;

F) Injunctive relief prohibiting such conduct in the future; and

G) Any and all other relief that the Court deems just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated:   March 28, 2017

**THE MANNING LAW OFFICE
A PROFESSIONAL CORPORATION**

By:  /s/ Joseph R. Manning, Jr.
     Joseph R. Manning, Jr.
     Michael J. Manning
     Caitlin J. Scott
     Attorneys for Plaintiff, Leanne Thomas

**COMPLAINT FOR DAMAGES**

8